# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MERLE E. ATKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:09-CV-1923 CAS |
| v. ) | |
| ) | |
| M & S ACQUISITION CORPORATION ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Marshall & Stevens, Inc.'s motion for summary judgment on plaintiff's claim against it under Section 502(c) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(c), for statutory penalties for failure to provide plan information following request. Plaintiff opposes the motion and defendant has filed a reply. The Court will deny defendant's motion for the following reasons.

**Background**

Plaintiff Merle Atkins was an employee of the Marshall & Stevens family of companies, including defendants M&S Acquisition Corporation ("M&S") and Marshall & Stevens, Inc. ("Marshall & Stevens"), for forty years, eventually becoming an Executive Vice President. In December 2007, plaintiff was presented the option of either resigning or being terminated from employment. Plaintiff chose to retire in lieu of termination, effective January 31, 2008. Plaintiff is a shareholder of M&S stock and owns a total of 2,320 shares, some of which were acquired directly and some through the Marshall & Stevens Incorporated 401(k) Profit Sharing Plan, also known as the M&S Investment Savings Plan (the "Plan"). Plaintiff alleges that after his retirement, he sought to have M&S repurchase the directly-acquired shares under an Amended & Restated Buy

Sell Agreement (the "Buy-Sell Agreement"), but M&S refused to do so. On approximately July 29, 2009, plaintiff requested documents relating to the Plan from Marshall & Stevens, specifically (1) all Plan documents, including any amendments thereto; (2) summaries of the Plan's annual financial report for 2007 and 2008; (3) all account balances for plaintiff, as well as other participants, since the Plan's inception; and (4) all correspondence with the Department of Labor, IRS or any federal or state agency in connection with the qualification of the Plan. Plaintiff received some of these documents in early December 2009. Marshall & Stevens contends that plaintiff is not entitled to some of the requested documents.

Plaintiff filed this action in November 2009, asserting claims against M&S for specific performance of the Buy-Sell Agreement (Count I), for attorneys' fees (Count II), for an accounting (Count III), for fraudulent inducement (Count IV), and against Marshall & Stevens for violation of ERISA Section 502(c), 29 U.S.C. § 1132(c) (Count V).[1] The instant motion concerns Count V only.

**Legal Standard**

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then

---

[1] Plaintiff moved for leave to voluntarily dismiss Count IV without prejudice, and that count was dismissed by Order dated October 13, 2010 (Doc. 30).

2

shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000); Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir.), cert. denied, 528 U.S. 1063 (1999). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact. See Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1114 (8th Cir. 2004).

**Discussion**

Under 29 U.S.C. § 1024(b)(4), an ERISA plan administrator is required to furnish certain specified reports to plan participants upon written request. Under § 1132(c)(1)(B), a plan administrator who fails or refuses to supply requested, covered information within thirty days of the request "may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal . . . ." 29 U.S.C. § 1132(c)(1). To recover on a claim for a § 1132(c) penalty, based on a failure to comply with § 1024(b)(4), the plaintiff must prove that (1) he requested the Plan information in writing, and (2) the Plan administrator failed to provide it within thirty days of the request. Kerr v. Charles F. Vatterott &

Co., 184 F.3d 938, 948 (8th Cir. 1999). "[T]he purpose of the penalty is to provide plan administrators with an incentive to timely respond to requests for documents." Id.

Marshall & Stevens moves for summary judgment on plaintiff's § 1132(c) claim on the grounds that (1) plaintiff cannot establish he suffered any harm as a result of defendant's inadvertent failure to provide the requested Plan information within thirty days; (2) during his employment, plaintiff was a member of senior management and served as a Plan trustee from January 2003 through his retirement date, and as a result had full access to and knowledge of Plan information; (3) as of the date of his deposition, plaintiff did not even know if the information had been provided and had never reviewed it; and (4) some of the information plaintiff requested is not covered under § 1024(b)(4). Defendant contends that awarding statutory penalties to the plaintiff in this case would result in a windfall which the Court should not allow, and cites several cases in which courts declined to award statutory penalties under various circumstances.

Plaintiff responds that summary judgment is not appropriate because fact issues exist concerning Marshall & Stevens' state of mind in failing to timely provide the documents, that damages can be presumed from the defendant's obvious violation of the statute, and that plaintiff's status as a former Plan trustee does not preclude his right to receive documents under ERISA. Plaintiff states that neither prejudice nor injury are requisites to plan participants' recovery under the penalty provisions of ERISA's disclosure requirements, but rather are merely factors which may be considered by the Court in determining whether to exercise its discretion to award the penalty.

Plaintiff states that Marshall & Stevens' bad faith in failing to provide Plan documents is another relevant factor in deciding whether a penalty should be imposed. Plaintiff asserts that bad faith can be inferred from the conduct of defendant's president, who received plaintiff's request for documents and personally decided not to send them to plaintiff, the president's deposition testimony

that he did not believe plaintiff had contributed to the company at all during his forty years of employment, and the fact that neither defendant has redeemed any of plaintiff's shares of stock although other individuals' shares were redeemed.. Plaintiff also asserts that issues of fact exist concerning whether defendant's failure to provide the documents was inadvertent, as it asserts.

Plaintiff is correct that prejudice is not a prerequisite to an award of statutory penalties under § 1132(c). Kerr, 184 F.3d at 948. "The purpose of this statutory penalty is to provide plan administrators with an incentive to comply with the requirements of ERISA, and to punish noncompliance." Starr v. Metro Systems, Inc., 461 F.3d 1036, 1040 (8th Cir. 2006) (internal citation omitted). "Although an employer's good faith and the absence of harm are relevant in deciding whether to award a statutory penalty, neither a defendant's good faith nor the absence of actual injury to the plaintiff precludes the award of a statutory penalty." Brown v. Aventis Pharms., Inc., 341 F.3d 822, 825 (8th Cir. 2003) (internal quotation marks, brackets, and quoted case omitted). The length of the delay is another, lesser factor to be considered. Halbach v. Great-West Life & Annuity Ins. Co., 522 F.Supp.2d 1154, 1172 (E.D. Mo. 2007), aff'd in part, rev'd in part on other grounds, 516 F.3d 872 (8th Cir. 2009).

The Court finds that defendant Marshall & Stevens has not established it is entitled to judgment as a matter of law. Genuine issues of material fact remain on the record before the Court with respect to factors relevant to the determination whether to award statutory penalties under § 1132(c), including the existence of any prejudice to the plaintiff, the defendant's alleged bad faith, and the length of the delay. The Court finds that under the circumstances of this case these issues are more properly resolved following presentation of the evidence at trial.

**Conclusion**

For the foregoing reasons, defendant Marshall & Stevens, Inc.'s motion for summary judgment on plaintiff's ERISA § 1132(c) claim in Count V should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Marshall & Stevens' motion for summary judgment on Count V is **DENIED**.  [Doc. 39]

	 	 	 	 	 	 	 	 	 _____
	 	 	 	 	 	 	 	 	 **CHARLES A. SHAW**
	 	 	 	 	 	 	 	 	 **UNITED STATES DISTRICT JUDGE**

Dated this  28th  day of December, 2010.